*[Signature]* Bruce T Beesley
Honorable Bruce T. Beesley
United States Bankruptcy Judge

Entered on Docket
March 11, 2015

---

STEFANIE T. SHARP, ESQ.
Nevada State Bar No. 8661
Robison, Belaustegui, Sharp & Low
A Professional Corporation
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Facsimile:  (775) 329-7169
Email:      ssharp@rbsllaw.com

*Attorneys for Nevada State Bank*

UNITED STATE BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | CASE NO.:   15-50157-btb |
| THE HOLDER GROUP SUNDANCE, LLC | CHAPTER 11 |
| Debtor. | **ORDER APPROVING DEBTOR'S EMERGENCY MOTION FOR INTERIM APPROVAL FOR USE OF CASH COLLATERAL BY DEBTOR AND GRANTING ADEQUATE PROTECTION AND SCHEDULING A FINAL HEARING TO APPROVE USE OF CASH COLLATERAL BY DEBTOR** |
| | Hearing Date: February 20, 2015
Hearing Time: 10:00 a.m.
Set By:  Order Shortening Time, Dkt. 21 |

_____/

/ / /

/ / /

The Emergency Motion For Interim Approval For Use Of Cash Collateral By Debtor And Granting Adequate Protection And Scheduling A Final Hearing To Approve Use Of Cash Collateral By Debtor, Dkt. 15 (the "Motion") filed by The Holder Group Sundance, LLC, a Nevada limited liability company, Debtor and Debtor-In-Possession herein (the "Debtor") came before the Court on Order Shortening Time after appropriate notice to creditors and parties in interest on February 20, 2015 at 10:00 a.m. the Honorable Bruce T. Beesley, Judge Presiding.  The Debtor appeared by and through its proposed counsel, Stephen R. Harris, Esq. of Harris Law Practice LLC, with the principal of the Debtor, Harold D. Holder, Sr. also present.  Secured creditor Plumas Bank appeared by and through its counsel John Samburg, Esq. of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, secured creditor Nevada State Bank appeared by and through its counsel Stefanie T. Sharp, Esq. of Robison, Belaustegui, Sharp & Low and the U.S. Trustee appeared by and through its counsel William B. Cossitt, Esq.  The Court having considering all of the papers and pleadings on file herein, and the oral presentations of counsel at the hearing; and good cause appearing:

**IT IS HEREBY ORDERED THAT:**

1. Debtor's proposed Cash Collateral Budget attached to the Motion as <u>Exhibit A</u> is hereby modified to allow Debtor to use cash collateral to pay the progressive slot liability in the amount of $3,127.74 from its cash on hand.  The proposed Cash Collateral Budget attached to the Motion as modified by this Order the "Budget."

2. Debtor's use of cash collateral as set forth in the Budget be, and hereby is, approved.

3. That as a condition of Debtor's interim use of cash collateral as set forth in the Budget:

    a. Plumas Bank and Nevada State Bank (sometimes referred to individually herein as a "Bank" and collectively as the "Banks") are hereby granted, and Debtor consents to, post-petition replacement liens to the extent of cash collateral used (the "Replacement Liens"), in the same priority as existed pre-petition, upon all inventory, property, and accounts receivable of Debtor, whether such assets were in existence prior to commencement of this case or have been

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

acquired by Debtor after the commencement of this case. The Replacement Liens shall: (1) secure the return of the property securing the loan of each Bank; and (2) be subordinate only to enforceable and perfected liens and security interests in existence at the time this case was commenced with a priority senior interest. The creation of these Replacement Liens shall not under any circumstances be deemed to be a waiver of any of the rights of Plumas Bank or Nevada State Bank to request a lien on additional post-petition assets in any future extensions or agreements with Debtor.

    b. Debtor shall not grant any liens on or security interests in any of its assets or properties (including any real property, machinery, or equipment), whether under Section 364(d) of the Bankruptcy Code or otherwise, other than pursuant to a stipulation with both Plumas Bank and Nevada State Bank, or pursuant to an Order of the Bankruptcy Court.

    c. Debtor shall pay each bank as adequate protection regular monthly adequate protection payments in the amount of the regular payment of principal and accrued interest due under the outstanding loans from the Banks, $38,950.97 per month to Plumas Bank and $20,391.08 to Nevada State Bank. A check drawn against insufficient funds shall not constitute any payment. All payments shall be sent to the banks via certified or registered mail, by overnight carrier, UPS or some other form of mailing/delivery for which documentation of the date of sending and of receipt is tracked by the carrier. The monthly adequate protection payments due to each Bank are due on the 10th of each month commencing on March 10, 2015 with a 15 day grace period. If a monthly adequate protection payment is not received by the respective Bank by the 25th day of the month: (i) one or both Banks shall file a notice of the Uncured Default with the Court and both Banks shall be entitled to an order from the Court lifting the automatic stay with a waiver of the 14 day stay rule provided for in FRBP 4001(a)(3) allowing the Banks to pursue their rights and remedies under their respective loan documents; and (ii) Debtor shall be charged the late fee provided for in the loan documents evidencing the loan for which the payment is late. Debtor shall deliver each of the monthly adequate protection payments to Plumas Bank as follows: Plumas Bank, Attention Kerry Wilson, Executive Vice President, 32 Central Avenue, Quincy, California 95971 (physical address for UPS, Federal Express, similar carrier and hand delivery) or

P.O. Box 210, Quincy California 95971 (priority mail). Debtor shall deliver each of the monthly adequate protection payments to Nevada State Bank as follows: Nevada State Bank, Attention Troy Morris, Vice President, 400 N. Green Valley Pkwy, 2nd Floor, Henderson, Nevada 89704.

      4.      That Debtor shall not be entitled to any extension on the Exclusivity Periods within which to file a Disclosure Statement and confirm a Plan of Reorganization provided for in 11 U.S.C. §1121.

      5.      That the adequate protection payments required hereunder shall have priority over, and shall be paid before, any and all payment obligations which the Debtor has to CMS International.

IT IS FURTHER ORDERED that entry of this Emergency Order only grants Debtor interim authority to use cash collateral pursuant to the Budge and make monthly adequate protection payments until a final hearing can take place pursuant to Fed. R. Bnkr. P. 6003, which hearing is to take place on April 7, 2015 at 10:00 a.m. Any additional briefing on the Motion shall be filed and served before the final hearing in accordance with Local Rule 9014.

<u>SUBMITTED BY:</u>

ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503

By:   */s/ Stefanie T. Sharp*
STEFANIE T. SHARP
*Attorneys for Nevada State Bank*

<u>APPROVED BY:</u>

| | |
|---|---|
| Stephen R. Harris, Esq. | John Samburg, Esq. |
| HARRIS LAW PRACTICE LLC | WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP, |
|   */s/ Stephen R. Harris, Esq.* |   */s/ John Samburg, Esq.* |
| *Proposed Attorneys for Debtor* | *Attorneys for Plumas Bank* |

William B. Cossitt, Esq.

  */s/ William B. Cossitt, Esq.*
*Office of the United States Trustee*

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151

## CERTIFICATION RE: RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

\_\_\_\_\_ The court has waived the requirement set forth in LR 9021(b)(1).

\_\_\_\_\_ No party appeared at the hearing or filed an objection to the motion.

_x_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

Stephen R. Harris, Esq                              approved/disapproved
Proposed Attorney for Debtor

John Samburg, Esq.                                  approved/disapproved
Attorney for Plumas Bank

William B. Cossitt, Esq.                            approved/disapproved
Office of the U S Trustee

\_\_\_\_\_ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Dated this 5th day of March, 2015.

ROBISON, BELAUSTEGUI, SHARP & LOW
71 Washington Street
Reno, Nevada 89503

By: __/s/ Stefanie T. Sharp__
STEFANIE T. SHARP
*Attorneys for Nevada State Bank*

###

Robison, Belaustegui,
Sharp & Low
71 Washington St.
Reno, NV 89503
(775) 329-3151